UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDREW E. DIAZ,

        Plaintiff,

v.                                              Case No. 25-cv-1907-bhl

SGT. CAROL COOK,
CPT. EDWARD JONES,
SECURITY DIRECTOR BRANDON MORRIS,
RACINE CORRECTIONAL INSTITUTION, and
DEPARTMENT OF JUSTICE,

        Defendants.

## SCREENING ORDER

Plaintiff Andrew Diaz, who is currently serving a state prison sentence at Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Diaz's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Diaz has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Diaz has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $19.58. Diaz's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or

malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Diaz, he was severely injured after he passed out while mowing the lawn and falling into a tree branch. He explains that he was rushed to the hospital, where it took five staples to reattach his scalp. After returning to the institution, he was instructed to turn in his work uniform. Diaz explains that Defendant Sgt. Carol Cook informed him that he should never have been hired because a provider at his prior institution had entered a permanent no work restriction in his file due to medical, mental, and physical concerns. Diaz asserts that Sgt. Cook stated that she either did not or that she forgot to check if Diaz had medical restrictions before she recommended hiring him. Diaz explains that Cpt. Edward Jones and Security Director Brandon Morris approved his hiring even though they had access to his medical files.

2

# THE COURT'S ANALYSIS

Diaz asserts that Defendants violated the Eighth Amendment when he was hired for a prison job even though a no work restriction was contained in his medical file. Under the Eighth Amendment, "prison officials must take reasonable measures to ensure an inmate's safety." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "To state a claim premised on prison officials' failure to protect him from harm, [a plaintiff] must allege that the defendants knew of and disregarded an 'excessive risk' to his 'health and safety.'" *Id*. (citing *Farmer*, 511 U.S. at 837). Importantly, "[a]n accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

Whether Diaz states a deliberate indifference claim against Sgt. Cook based on her alleged failure to check his medical file before recommending that he be hired for a job is a close call; however, at this early stage, the Court will allow him to proceed with an Eighth Amendment claim. Development of the record is necessary to determine why Sgt. Cook did not consult Diaz's medical file before she made her recommendation. *See, e.g., Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("One can imagine a complaint examiner doing her appointed tasks with deliberate indifference to the risks imposed on prisoners. If, for example, a complaint examiner routinely sent each grievance to the shredder without reading it, that might be a ground of liability."). The Court will also exercise supplemental jurisdiction over a state-law negligence claim against Sgt. Cook.

Diaz does not, however, state a claim against anyone else. As to Cpt. Jones and Security Director Morris, who allegedly signed off on Sgt. Cook's recommendation, §1983 does not establish a system of vicarious liability. "Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks*, 555 F.3d at 593-94. Cpt. Jones and Security Director Morris are not liable simply because they relied on Sgt. Cook to perform her duties. Nothing in the complaint suggests that either of these supervisors knew or had reason to suspect that Sgt. Cook had not checked Diaz's medical file before she made her recommendation. *Id.* at 595 (holding that "no prisoner is entitled to insist that one employee do another's job"). As to the Racine Correctional Institution and the Department of Corrections, these entities are not "persons" under §1983 and therefore cannot be sued for money damages. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).

**IT IS THEREFORE ORDERED** that Diaz's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Diaz fails to state a claim against Edward Jones and Brandon Morris and that the Racine Correctional Institution and the Department of Corrections cannot be sued under §1983, so the clerk's office is directed to terminate them from this action.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Diaz's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Carol Cook.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Carol Cook shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Diaz is located.

**IT IS FURTHER ORDERED** that the agency having custody of Diaz shall collect from his institution trust account the $330.42 balance of the filing fee by collecting monthly payments from Diaz's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Diaz is transferred to another institution, the transferring institution shall forward a copy of this Order along with Diaz's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Diaz is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin this 20th day of January, 2026.

*s/Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge